BISHOP TRUST COMPANY, LIMITED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101569. Promulgated September 22, 1942.

*Urban E. Wild, Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

**746**

OPINION.

TURNER: We have for determination two questions: (1) Whether the petitioner should report the income and gain received or realized and deduct the losses sustained in transactions in and operations relating to the Waterhouse assets, and (2) whether it is entitled to deduct the losses sustained by it in removing from the portfolios of certain trusts and estates bonds of the Honolulu Bond & Mortgage Co. The petitioner has filed no brief and its contentions are disclosed only in its petition and statements made by counsel at the time of the hearing.

With respect to the first question, it is the claim of the petitioner that by reason of the merger it acquired all of the assets of Waterhouse and succeeded to all of its liabilities and obligations in a nontaxable transaction and that it should therefore in each year thereafter report as its own all of the income, gains, and losses therefrom in the same manner and on the same basis as Waterhouse would have done had it continued. The difficulty with that proposition is that it did not succeed to the unfettered ownership of the Waterhouse assets. It acquired those assets subject not only to the liabilities of Waterhouse generally but also to the rights of the special noteholders, after the satisfaction of which it was entitled to the gain, if any, that might be realized therefrom or thereon. Until the assets were liquidated, leaving nothing for the special noteholders, or until the special noteholders should be paid off, the petitioner had no right to appropriate or use the Waterhouse assets or proceeds therefrom for its own purposes. It is argued that the value of the Waterhouse

assets had shrunk to such an extent that it could not in good judgment be said that there was any reasonable hope or probability that anything could or would be realized for the special noteholders, and some evidence tending to support that argument was submitted at the time of the hearing. The record shows, however, that a similar argument was made to the special noteholders prior to the beginning of the taxable year, with the request that they release the petitioner of any and all claims in respect of the Waterhouse assets and thereby eliminate needless administration expense. The noteholders refused to agree to the proposal and the petitioner, as it was obligated to do, retained the Waterhouse assets intact and accounted for all gains and losses thereon or in respect thereto separate and apart from the gains and losses from its other operations. At the end of 1934 the petitioner still held Waterhouse assets which had a book value of $2,282,864.44, and while the surveys which it had made indicated that a net loss probably would be sustained in the end, it still had a credit balance of $147,513.69 in the fund which had been set up from the proceeds of the special notes to be applied on the Waterhouse losses. We accordingly conclude and hold that with respect to the Waterhouse assets and operations there was no completed or closed transaction in the taxable year from which income should be reported or losses deducted by the petitioner. *Corn Exchange National Bank & Trust Co.*, 46 B. T. A. 1107. Shrinkage of assets does not supply the basis for a loss deduction in determining net income.

In determining the deficiency herein, the respondent not only disallowed as deductions the excess of sustained losses over the income and gain realized on the Waterhouse assets, but in addition added to petitioner's income a further sum of $81,610.97, representing interest and rent accrued on petitioner's books against said assets. These additions were not reported as income, nor claimed as deductions by petitioner in its income tax return, and such treatment of the items in question was obviously correct. The petitioner has no right, under its agreement with Waterhouse originally or with the special noteholders, to any such charges on the Waterhouse assets or operations.

With respect to the amounts expended by petitioner in removing the bonds of the Honolulu Bond & Mortgage Co. from the portfolios of certain estates and trusts for which it acted as fiduciary, the respondent argues that the petitioner is entitled to no deduction for losses sustained or for any of the amounts expended, on the ground that the acquisition of the bonds from the trusts and estates and their subsequent disposition was not in the nature of a transaction or transactions entered into for profit. The statute grants to corporations the right to deduct ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business; also losses sustained

during the taxable year and not compensated for by insurance or otherwise. Sec. 23 (a) and (f), Revenue Act of 1934. In the case of individuals it permits the deduction of losses sustained during the taxable year and not compensated for by insurance or otherwise "if incurred in a trade or business" or "if incurred in any transaction entered into for profit." Sec. 23 (e), Revenue Act of 1934. The respondent's argument appears to have been based upon the language of section 23 (e), which applies to individuals, for certainly it may not be said that the losses sustained by the petitioner in the instant case do not fall literally within the provisions of section 23 (f). But even though we assume that section 23 (e) is applicable in the instant case, we find no merit in the respondent's contention. The petitioner, through its trust department, acted as fiduciary for trusts and estates with a view to making a profit. In the course of its operations it had acquired for certain of the trusts and estates the bonds of a corporation in which it, as the owner of all the common stock, had a direct proprietary interest. The bonds had so shrunk in value that the estates and trusts holding them were faced with substantial losses. The petitioner in the course of its trust business took the necessary steps to rectify its own mistakes and in so doing was required to expend the sum here in question, without any basis for hope of recovery. We think therefore that the deduction claimed in respect of the losses sustained or the expenditures so made not only must be allowed, under section 23 (f), as a loss not compensated for by insurance or otherwise but might reasonably be regarded as ordinary and necessary expenses incurred in the operation of the petitioner's business, under section 23 (a), or as losses sustained in transactions entered into for profit, under section 23 (e), if that provision of the statute were applicable to corporations. See also *John Abbott*, 38 B. T. A. 1290.

*Decision will be entered under Rule 50.*